WILHELM BOLDT ET AL. V. FIRST NATIONAL BANK OF WEST POINT.

FILED NOVEMBER 23, 1899.   No. 9,038.

1. **Review:** DISMISSAL. A motion for dismissal of a proceeding to reverse the adjudication in an action by creditors' bill, the decree which determined the amount due the creditor a judgment debt, and annulled conveyances of titles to land as fraudulent,

will not be sustained, for the reason that the debt has, subsequent to the decree, been satisfied and released.

2. **Judgment on Pleadings.** To warrant affirmative relief to a party in a cause submitted upon the pleadings he must be entitled thereto upon the facts therein stated. The question is not upon whom is the burden of proof, but who is to be accorded judgment upon the facts pleaded. See *State v. Lincoln Gas Co.*, 38 Nebr., 33.

3. **Fraudulent Conveyances:** INTENT. The question of fraud or intent accompanying conveyances of title is one of fact.

4. ———: RELATIVES: BURDEN OF PROOF. That conveyances of title among relatives are without consideration does not establish them fraudulent, as a matter of law, in an attack upon them by creditors; it but casts the burden of proof of their *bona fides* upon the parties who desire to sustain it.

5. **Homestead:** PLEADINGS: EVIDENCE. The condition of the pleadings in regard to the homestead character of land *held* such as would have warranted the reception of evidence on the question of homestead right.

ERROR from the district court of Cuming county. Tried below before EVANS, J. *Reversed.*

*Fannie O'Linn*, for plaintiffs in error.

*J. C. Crawford* and *E. K. Valentine*, contra.

HARRISON, C. J.

In the petition filed in this suit it was alleged that the bank recovered a judgment for a stated amount in the district court of Cuming county against Gust Will and Wilhelm Boldt, which remained of full force and unsatisfied; that execution for the enforcement of the judgment had been procured to issue, and had been returned by the sheriff of said county wholly unsatisfied; that the parties judgment debtors had no property liable to execution, and were insolvent; that on December 30, 1889, Wilhelm Boldt and Johanna Boldt, his wife, conveyed to their son Rudolph Boldt, who was then a minor, a quarter section of land, specifically described in the pleading, the conveyance being without consideration,

and its purpose the hindering and defrauding the bank and other creditors of Wilhelm Boldt; that on June 16, 1891, Rudolph Boldt, in furtherance of the scheme to defraud the bank and creditors of Wilhelm Boldt, conveyed the title of the land to his mother, Johanna Boldt, and for the conveyance there was no consideration; that on July 8, 1891, Johanna and Wilhelm Boldt, in further pursuance of the fraudulent purposes ascribed to them by the pleading, without any consideration therefor, conveyed the title of the land to Rudolph Boldt; that the several conveyances noticed were of dates prior to the bank's judgment, but subsequent to the existence of the debt upon which the judgment was predicated. The prayer was that the several conveyances be annulled, the land be ordered sold, and the proceeds applied to the satisfaction of the bank's judgment. For the Boldts there was filed an answer, in which it was stated that the land involved in the litigation was acquired from the United States by Wilhelm and Johanna Boldt by virtue of an entry under, and compliance with, the provisions of the homestead act, and that the patent was issued to Wilhelm Boldt November 1, 1873, and was at that time prior thereto, from time of entry and continuously to the date of the last conveyance to Rudolph Boldt, in the possession of, and improved and cultivated by, Wilhelm and Johanna Boldt as their homestead. It was further answered that during the month of April, 1879, and long prior to the time the judgment debt had its inception, and when Wilhelm Boldt was free from debt and he and his wife were in occupancy of the land as a homestead and it was exempt, it was agreed that the title to the property should be conveyed to the wife, to remunerate her for the labor which she performed in and about its acquisition; that the first deed to Rudolph Boldt was executed to in part carry out this agreement, the parties having been advised that a conveyance direct from the husband to the wife would be ineffective; that it was of the arrangement that Rudolph Boldt, the son, would

convey to Johanna, the mother, upon request that he do
so; that he was asked to convey the title to her, and did
so by the deed of date June 16, 1891. It was further of
the answer that the second deed to Rudolph Boldt, the
one of date July 8, 1891, was with the consideration that
he would furnish support and maintenance to his father
and mother during the remainder of their lives, also as-
sume the payment of a mortgage on the land in the
principal sum of $1,400. The contract in regard to the
matters which we have last stated was in writing, and a
copy of it was attached to the answer. There was a
specific, also a general, denial of the fraudulent intent
alleged in the petition, and it was pleaded affirmatively
that all the conveyances drawn into question were exe-
cuted prior to the note which had evidenced the judg-
ment debt. The answer further contained an admission
of the recovery of the judgment, and a general denial of
each and every matter stated in the petition which the
answer did not admit. The reply contained an admis-
sion of all things set forth in the first paragraph of the
answer, except the statement that the original entry of
the land under the homestead act had been by Wilhelm
and Johanna Boldt jointly; as to each other plea of the
answer the reply contained a general denial. This ad-
mitted the homestead entry by Wilhelm Boldt, the issu-
ance of a patent for the land to him, and his and his
wife's continuous possession of the land to the date of
the conveyance to Rudolph Boldt. A motion on behalf
of the bank for judgment upon the pleadings was sus-
tained, and a decree was rendered, the journal entry of
which was as follows: "Now, on this 18th day of Febru-
ary, A. D. 1896, this cause came on to be heard on mo-
tion of the plaintiff for judgment upon the petition,
answer and reply, and was submitted to the court,
on consideration whereof the court finds that the deeds
set forth in said petition were made with the intent to
hinder, delay and defraud creditors, of all of which said
grantees had full knowledge at the time of receiving the

same. The court further finds that said grantees paid no consideration whatever for said deeds. The court also finds that there is due from the defendant Wilhelm Boldt to the plaintiff on the judgment set forth in said petition the sum of $3,061. It is therefore considered by the court that the deed of conveyance from Wilhelm Boldt and Johanna Boldt to Rudolph Boldt, the deed from Rudolph Boldt to Johanna Boldt, the deed from Johanna Boldt and Wilhelm Boldt to Rudolph Boldt, for the southeast quarter of section 25, in township 22 north, of range 6 east of the sixth P. M., in Cuming county, be, and the same are hereby, vacated, set aside, and annulled, and that said land be subjected to the payment of the debt set forth in said petition, and the sheriff of Cuming county is directed to proceed, as upon execution, to sell said land and bring the proceeds thereof into court for the purpose of having the same applied toward the payment of said judgment and costs of suit, taxed at $——.''

The cause has been presented to this court for review. Prior to a submission of this case a dismissal of the proceeding was moved for the.bank, on the ground that the amount of the judgment debt had been paid subsequent to the decree herein, and the debt judgment released, and the same matter is now argued. That the amount of the judgment against Wilhelm Boldt has been paid, and the judgment discharged since the decree in the present case is not effectual against the further prosecution of this proceeding by the other parties interested, or by all parties, the deeds by whom and to whom were annulled by the decree.

The main contention is that the determination of the trial court, that the bank was entitled to judgment upon the pleadings, was erroneous. It has been established that, where a cause is submitted in the manner this was, solely upon the pleadings, it must appear therefrom that the party seeking and to whom affirmative relief is granted was entitled thereto; and the question presented

is not upon whom is the burden of proof, but, upon the facts pleaded, who should recover judgments. See *State v. Lincoln Gas Co.*, 38 Nebr., 33.

That the conveyances in question were between relatives and alleged to be without consideration, if it be conceded, for the sake of the argument, that the answer pleaded no sufficient consideration, do not, as a matter of law, establish a fraudulent intent as accompanying their executions. The question of fraud is always one of fact; and in the transactions in litigation herein, as developed by the pleadings, the inquiry was one of fact, with the burden of proof cast upon the answering parties. See *Tillaux v. Tillaux*, 47 Pac. Rep. [Cal.], 69; *Smith v. Mason*, 55 Pac. Rep. [Cal.], 143; *Stevens v. Carson*, 30 Nebr., 544. There was sufficient alleged of the homestead character of the property—a portion of it being admitted, and part denied by the reply—to warrant or demand the reception of proof on the subject, notwithstanding there was no allegation of the value. See *Telschow v. House*, 32 S. W. Rep. [Tex.], 153; *Central Kentucky Lunatic Asylum v. Craven*, 32 S. W. Rep. [Ky.], 291; *Gallagher v. Keller*, 23 S. W. Rep. [Tex.], 296; *Mueller v. Conrad*, 52 N. E. Rep. [Ill.], 1031. It follows that the judgment for the bank upon the pleadings was wrong.

REVERSED AND REMANDED.