EFFIE M. HERMAN, APPELLEE, V. GEORGE BARTH ET AL., APPELLANTS.

FILED JANUARY 5, 1910. No. 15,882.

1. **Taxation:** VOID DECREE: CONSTRUCTIVE SERVICE. A decree foreclosing a tax lien based upon service by publication, prior to the year 1909, where the owner of the land is a resident of this state upon whom personal service of summons could have been made,

and the affidavit for service contains no statement which would authorize constructive service upon the land against which the taxes were assessed, is void; and such a decree may be attacked in an action to redeem the premises from the lien for taxes and remove the cloud created thereon by such void decree. *Humphrey v. Hays, ante,* p. 239.

2. ——— : . ——— : SUIT TO REDEEM. Such an action may be maintained, not only against the purchaser of the premises under such void decree, but likewise against those claiming under him.

APPEAL from the district court for Deuel county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Tibbets, Morey & Fuller,* for appellants.

*J. G. Beeler, Beach Hinman* and *Courtright & Sidner,* contra.

BARNES, J.

Action in the district court for Deuel county to redeem the south half of the northwest quarter, and lots 3 and 4 of section 2, township 13, range 42 west of the sixth P. M., situated in said county, from a lien for taxes, and quiet title thereto in the plaintiff. The plaintiff had judgment, and the defendants have appealed.

In this case there seems to be no disputed question of fact; and, as the record is made up, it appears that on and prior to the 20th day of October, 1897, one W. H. Bruner, who was the plaintiff's father, and who was a resident of Dodge county, in this state, owned the land in question; that on that day he conveyed it to the plaintiff by deed of general warranty, which he placed on record in Deuel county on the 6th day of November of that year, without giving her any information of those facts; that he shortly departed this life, leaving plaintiff the sole owner of said land; that thereafter certain taxes were levied and assessed against the premises, and that on the 2d day of April, 1900, an action was commenced by the county of Deuel to foreclose the lien of said taxes; that a decree of foreclosure was rendered therein, and the

land was sold thereunder to the county, and a sheriff's deed was executed therefor; that on the 14th day of January, 1903, the county conveyed the premises to one Edwin A. Phelps, Jr., who later on conveyed the same to defendant George Barth, and who, after refusing to allow plaintiff to redeem, conveyed to the defendant Zolman.

It appears, without dispute, that the only service ever made, or attempted to be made, in the tax foreclosure proceeding was by publication, based upon an affidavit of the county attorney of Deuel county, in which it was stated that the defendant Effie M. Herman, who is the plaintiff herein, was a nonresident of the state of Nebraska, and that service of summons could not be made upon her in this state. The fact that plaintiff at that time was a resident of Dodge county, in this state, where personal service of summons could have been made upon her, is not now disputed. It further appears that the plaintiff was not aware of the fact that she was the owner of the land in question, or of the pendency of the foreclosure proceedings, until some time in January, 1907; that thereupon she offered to redeem, and tendered defendant Barth, who then claimed to be the owner of the premises, all of the money he had invested therein, and that upon his refusal to accept the redemption money she promptly commenced this action.

The record thus again presents for our determination the question of the effect of a decree foreclosing a tax lien based solely on constructive service, where the owner of the land was a *bona fide* resident of this state upon whom service of summons could have been made at the time the foreclosure suit was commenced. Counsel for both parties have treated this as the sole question involved in this controversy, and we will so consider it. Counsel for the defendants, in an exhaustive and well-written brief, have strenuously urged us to adopt a rule herein at variance with the doctrine announced by our former decisions on this question, and hold that, because lack of jurisdiction does not appear on the face of the

record in the action to foreclose the tax lien, the decree therein must be treated as an absolute and unassailable verity, and thereby deprive the plaintiff of her property and leave her without any redress whatsoever. While some courts may have adopted such a rule, we have taken a contrary view of the matter. The first time we had occasion to pass on this question was in *Eayrs v. Nason,* 54 Neb. 143. That was a suit brought to foreclose a real estate mortgage. The owner of the equity of redemption was made defendant thereto, and constructive service was had on him by publication, he being at the time a resident of the state and actually present therein. He did not appear in the action personally or by attorney. After the decree the defendant died. *"Held,* That in a suit brought by his heir against the purchaser of the land at the sale under the foreclosure decree, to quiet the heir's title and redeem from the mortgage, that the heir might show that the averments of the affidavit filed to procure constructive service upon his ancestor, that he was then a nonresident of the state and that service of summons could not be made on him in the state, were false." In *Topliff v. Richardson,* 76 Neb. 114, service by publication was attempted on three defendants. Two of the defendants were residents of the state, and the third, a nonresident, had died previous to the publication of the notice. *Held,* That a decree entered on such attempted service was void. That case, like the one at bar, involved a tax foreclosure proceeding, which was held void, and a mortgagee of the premises was permitted to redeem and foreclose his mortgage against a grantee of the purchaser at the tax foreclosure sale. The question came before us again in *Payne v. Anderson,* 80 Neb. 216. That was a case where the lands of a resident of this state were sold under a decree rendered against him on service by publication. No appearance in the action having been made by or on behalf of such party, he brought an action to quiet title to the land as against one claiming title under the tax foreclosure decree. It was there said: "We are

not disposed, however, to recede from the rule announced
in *Eayrs v. Nason*, 54 Neb. 143. Every resident is en-
titled to personal notice before being divested of his
property. Service by publication may be had only in case
of nonresident defendants, and not then when personal
service can be had within the state. The court can ac-
quire jurisdiction of the person of a defendant only as
provided by statute. A judgment against a defendant of
whom the court has no jurisdiction must, on principle,
be void. The courts holding otherwise place it upon the
ground that the nonresidence of the defendant is a ques-
tion of fact to be determined by the court before the en-
try of the judgment. The evidence to establish this fact,
as stated in *Davis v. Vinson Land Co.*, 76 Kan. 27, is the
affidavit for publication filed by the plaintiff or his agent
or attorney. Why should the validity of the judgment
depend upon whether the party making such affiadvit was
mistaken as to the defendant's residence, or knowingly
misrepresented such place of residence? In either event,
the affidavit is a false one, and the jurisdictional fact—
nonresidence of the defendant—cannot be supplied by the
good faith of the party who asserts it. The published
notice in such case is not notice to the defendant, and
gives the court no jurisdiction over him or his property."

In *Hayes County v. Wileman*, 82 Neb. 669, which was
also an action to set aside a judgment foreclosing a tax
lien, we said: "A judgment rendered on service by pub-
lication against a resident of this state, on whom personal
service might have been had, is absolutely void.   *   *   *
A void judgment is, in legal effect, nothing. All acts per-
formed under it, and all claims flowing out of it, are
void. Such a judgment may be vacated at any time on
motion made for that purpose by an interested party, and
section 82 of our code has no reference to a void judg-
ment."

It is contended, however, by the defendants that the
cases above mentioned should not rule this controversy,
because it is claimed that in this case the land is now

owned by an innocent *bona fide* purchaser. If the judg-
ment rendered in the tax foreclosure case was absolutely
void, as we have heretofore held, it is difficult to see how
any rights can be predicated upon it, whether they be
claimed by an innocent purchaser or not, and we are un-
able to see how the title can be good in such a purchaser
and bad as between the parties to the suit. We are not
without authority, however, upon this question.

In *Humphrey v. Hays, ante,* p. 239, the plaintiff filed a
bill to set aside a decree foreclosing a tax lien, and cer-
tain deeds executed by the sheriff to the purchaser at the
foreclosure sale, and by him to his immediate grantee.
It thus appears that the question of *bona fide* purchaser
from the sheriff's grantee was involved in that case. There
the only service made or attempted to be made was by
publication, and at the time of the commencement of the
suit the owner of the land was a resident of this state and
service of summons could have been personally made
upon him. In that case, as in this, the affidavit for serv-
ice contained no statement which would authorize con-
structive service upon the land itself against which the
taxes were assessed, and it was there held that the decree
might be attacked in an action to redeem the premises
from a lien for taxes, and to remove the cloud cast thereon
by such void decree. It thus appears that we have adopted
the rule contended for by the plaintiff in this case, and
we see no good reason for refusing to adhere to it. To
hold otherwise would, in effect, deprive the plaintiff of
her property without due process of law. In *Chicago, B.
& Q. R. Co. v. Hitchcock County,* 60 Neb. 722, we said:
"Where a court is without jurisdiction over a defendant,
the judgment rendered is void, and may be attacked as
such by any one whose rights are affected by its rendition,
and its invalidity shown in any action in which it may be
called in question." *German Nat. Bank v. Kautter,* 55
Neb. 103. In *Scott v. McNeal,* 154 U. S. 34, it was said:
"No judgment of a court is due process of law, if ren-
dered without jurisdiction in the court, or without notice

to the party. The words 'due process of law' when applied to judicial proceedings, as was said by Mr. Justice Field, speaking for this court, 'mean a course of legal proceedings according to those rules and principles which have been established in our systems of jurisprudence for the protection and enforcement of private rights. To give such proceedings any validity, there must be a tribunal competent by its constitution—that is, by the law of its creation—to pass upon the subject matter of the suit; and, if that involves merely a determination of the personal liability of the defendant, he must be brought within its jurisdiction by service of process within the state, or his voluntary appearance.'" Later on it was said by that court in *Old Wayne Mutual Life Ass'n v. McDonough*, 204 U. S. 8: "No judgment of a court is due process of law, if rendered without jurisdiction in the court, or without due notice to the party. * * * No state can, by any tribunal or representative, render nugatory a provision of the supreme law. * * * It is a rule as old as the law, and never more to be respected than now, that no one shall be personally bound until he has had his day in court, by which is meant until he has been duly cited to appear, and *has been afforded an opportunity to be heard.* Judgment without such citation and opportunity wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is justly administered."

Finally, the equities in this case are all with the plaintiff. To hold that the tax foreclosure decree is sufficient to deprive her of her property, and leave her without remedy, presents a situation which a court of equity cannot sanction; while, if she is permitted, under our well-established rule, to have the decree of foreclosure set aside, and redeem the land by the payment of all of the taxes, interest, penalties and costs, together with the permanent improvements, if any, which the defendants have placed upon the land in question, affords them a

sufficient and ample remedy; and, when they are thus protected, the demands of equity in their behalf would seem to be fully satisfied.

For the foregoing reasons, we adhere to our former decisions, and the judgment of the district court is therefore

AFFIRMED.