Matthias, J.
The plaintiffs in error are the purchasers of property which was sold by the sheriff pursuant to an order of court upon foreclosure of mortgage. They were not parties to that suit. Nearly three years thereafter one of the defendants in that action, James P. Parsons, filed his motion therein, under favor of Section 11632, General Code, and asked that the judgment in that case be opened and that he be let in to defend.
The question of prime importance in this case is presented by the demurrer of these purchasers to the cross-petition filed by James P. Parsons after his motion had been granted, wherein they were made parties. That question is whether the title of said property, having passed to these pur *237 chasers, who were purchasers in good faith, in consequence of such judgment, can be divested or affected by the proceeding under Section 11632, General Code.
The court of common pleas held that it could not, and, although that court granted the application of the plaintiff, it did so with the express condition that such order should not affect the title to any property which had passed to the purchaser in good faith by or in consequence of the former judgment or order of the court; and thereafter that court sustained the demurrer of the purchasers to the cross-petition of James P. Parsons.
The court of appeals took the opposite view and admitted evidence upon the question as to the regularity of service by publication upon James P. Parsons, and found that at the time publication was had he was a resident of the city of Toledo, Lucas county, and that his place of residence therein could have been ascertained by the exercise of reasonable diligence, and service of summons had upon him.
Section 11633, General Code, provides that the title of property which is the subject of the judgment or order sought to be opened, and which, by or in consequence of the judgment or order has passed to a purchaser in good faith, shall not be affected by proceeding under the next two preceding sections.
There is no question but that the record in this case at the time of the sale of said premises showed the proceedings valid and regular in every respect. It was there disclosed that every requirement of *238 the statute relative to service by publication had been fully complied with. Indeed, more was done than is required by the letter of the statute, in that a summons had been issued for James P. Parsons directed to the sheriff of Lucas county and returned by the sheriff with the statement that he could not be found in that county, and in that the trial court ordered service to be made by publication as provided by law and thereafter found that service by publication had been made in all respects in accordance with law, and approved the same.
The court of appeals took the view that because the evidence submitted to it disclosed that James. P. Parsons was a resident of Lucas county, and could have been served with summons, he was not rightfully served by publication as mentioned in Section 11632, General Code, and, therefore, that the restrictive provisions of Section 11633 would have no reference or application to him.
It is well settled that it is competent for each state to prescribe the mode of bringing parties before its courts, and that the legislature may prescribe such modes of judicial procedure as it may deem proper, and also direct the manner of service of process, and may declare also the effect of a judgment rendered in pursuance of such notice. Judgments rendered upon constructive service in accordance with the requirements of the statute are conclusive upon the parties until set aside by some direct proceeding for that purpose. It is true that strict compliance must be had with the provisions of statute authorizing other than personal service, and such must affirmatively appear.
*239 Section 11292, General Code, authorizes service by publication in an action for foreclosure of a mortgage “when the defendant is not a resident of this state or his place of residence cannot be ascertained.”
Section 11293, General Code, requires that before service by publication can be made an affidavit must be filed that service of summons cannot be made within this state on the defendant sought to be served, and that the case is one of those mentioned in the preceding section. Under these provisions, therefore, in the actions in rem mentioned therein, service may be made by publication upon a defendant whose place of residence cannot be ascertained, although he may be in fact a resident of the state. It follows that a judgment rendered upon such service, where the record shows that all the requirements of the statute have been complied with, and the proceedings are in all respects regular, is not void.
The question we have here was given some consideration by this court in the case of Hammond v. Davenport et al., 16 Ohio St., 177. In that case it was held that where it was alleged in the petition that part of the defendants to such action were nonresidents of the state, and the court thereupon ordered the giving of notice to them by publication, and such publication was made and approved, and the court decreed a sale of the land, and pursuant thereto a sale in all respects regular was made to a bona fide purchaser, the defendants on whom no service of process was had, otherwise than by publication, would not be allowed, in a collateral pro *240 ceeding and for the purpose of invalidating the title acquired under the decree and sale, to draw in question the jurisdiction of the court rendering the decree, by proving that at the commencement and during the pendency of the proceeding they were in fact residents of the state. The importance of this decision in the present controversy lies chiefly in the fact that it has been determined in this jurisdiction that such a judgment is not absolutely void. The court suggests in that case that there was no necessity for an order of publication, but that such action of the court was invoked and the order was made. That observation applies to the case under consideration. In that case, as in this, the sheriff returned the process “not served,” and, after proof of publication, the court proceeded to exercise jurisdiction in the case. From these facts, the court, while acknowledging the difficulty of the question presented, concluded that “overmastering considerations of public policy require that opposing consideration should yield, and that such a decree should be held free from liability to indirect attack.” But the court rested its conclusion, as it stated, not “solely upon general considerations of public policy, irrespective of express declarations of legislative will,” and after quoting the statute as then in force, which is substantially the same as Sections 11632 and 11633, supra, the court makes this very pertinent observation, which seems conclusive of the matters in controversy in the instant case: “Now, it would seem that the holders of title to the real estate in controversy, deriving title thereto 'by/ and hn conse *241 quence of’ the decree in question, are ‘bona fide purchasers.’ There is nothing in the record, either by way of allegation or proof, to the contrary; and it seems to me that the indications of legislative policy, in respect to such purchasers, shining out from the face of this section of the statute, are too plain to be mistaken, and ought to be decisive of a question which, on other grounds, might, perhaps, be doubtful. For if, when a decree is opened up, and parties, served by publication only, and having had no actual notice are permitted to defend, the title of bona fide purchases on the faith of the decree is held inviolable, a fortiori ought the same inviolability to hold in favor of a like purchaser, where the decree is collaterally assailed on the same ground, and for the sole purpose of invalidating his title under it.”
It was held in the case of Winemiller v. Laughlin et al., 51 Ohio St., 421, that a junior mortgagee who had been served by publication could not in a subsequent proceeding against a bona fide purchaser of the premises sold in the former action attack the judgment or order upon which the premises were sold, upon the ground that she was at the time service by publication was had upon her in that case in fact a resident of the state; that the judgment was not void as against the grantee of the purchaser of said premises and was therefore not open to collateral attack by her in the face of a finding by the court of common pleas that she had been legally served by publication, the court having capacity to determine in the first instance its own jurisdiction.
*242 To the same effect is the decision of C., S. & C. Rd. Co. v. Village of Belle Centre, 48 Ohio St., 273.
As in that case the judgment was held not void on the ground that there was in fact no service at all even though the defendant was a resident of the state, so in this case the judgment is not void as against purchasers in good faith on the ground that the place of residence was in the state and could have been ascertained.
We have heretofore seen that in the case under consideration there had been strict compliance with every requirement of the statute providing for constructive service, so that when the premises involved therein were offered for sale there was nothing whatever upon the record of the case which indicated any irregularity in the proceeding, but upon the contrary the same appeared regular in all respects. Defendant Parsons sought the favor and benefit of Section 11632, General Code. Undoubtedly the right was conferred upon him by that section to proceed as he did in this case, but the right there conferred carried with it the limitation imposed by the succeeding section, that the title to property which by reason of the judgment had passed to bona fide purchasers should not be disturbed. The contention that the provisions of Section 11633, General Code, have no application except in a proceeding instituted by a defendant whom the proof in the subsequent hearing shows was in fact a nonresident of the state, or if a resident thereof could not have been found, begs the question entirely. Defendant was a party, served only by publication, and on that ground he sought the *243 favor of Section 11632. The benefits thereby conferred are limited by the provisions of Section 11633, and the defendant cannot enjoy the beneficial provisions of the one, freed from the restrictions imposed by the other.
Counsel for defendant Parsons rely upon the decision of this court in the case of Kingsborough v. Tousley et al., 56 Ohio St., 450. That was an action upon a personal judgment, and it was held that the defense, though in contradiction of the record, that the defendant was not served with process or jurisdiction of his person otherwise obtained by the court rendering the judgment, was competent, because it was not a collateral impeachment but in the nature of a direct attack upon the judgment. In our opinion the conclusion of the court in that case has no application whatever here, for the reason that the suit there under consideration was between the same parties as the original action and no question of rights of bona fide purchasers or other third parties was involved.
It is quite apparent, we think, even in an attack in the original action, as in the case before us, that the impeachment is collateral so far as it is sought to affect others than parties to the record. Undoubtedly, in the Kingsborough case, the court had this distinction in mind when it used the following language at page 458: “The rule which forbids the collateral impeachment of judgments is founded on those considerations of public policy which require stability of judicial records for the protection of those who acquire rights and property in reliance upon their conclusive effect, and for the
*244 peace of society; and, as said by Read, J., in Boswell v. Sharp, 15 Ohio, 447, 465, ‘seems to have been adopted from right and necessity, to give confidence to the judicial action of the country, and protect those who have made purchases on the faith of judicial sales.’ It is obvious these reasons find no just application in an action brought upon the judgment, in which the only relief sought is a new recovery on it, as a debt of record; and where no rights of third persons have intervened, or are involved.”
Nor were the rights of third parties involved in the case of Haley v. Hanna et al., 93 Ohio St., 49, and hence the decision in that case can have no application here. We think it clear that Section 11633 has the effect of limiting the rights which are conferred upon defendant by Section 11632, and that he takes those rights with the limitation therewith imposed, and that under the circumstances disclosed in this case he is entitled to no order that will affect the title of the plaintiffs in error. .
We cannot reconcile our views with those announced by the supreme court of Nebraska in the case of Herman v. Barth, 85 Neb., 722, and cases there cited construing similar provisions much relied upon by counsel for the defendant in error.
The court of appeals was correct in its finding that defendant Parsons’ right of foreclosure was shown to have been barred by the statute as against these parties. (Hopkins v. Clyde, Admr., 71 Ohio St., 141.) And therefore his only interest was as *245 an owner of the undivided one-third of the mortgaged premises.
It is possible that the application of the provisions of the statutes above.considered may work a hardship in some cases, but it, is difficult, if not impossible, to frame remedial statutes which may not sometimes have that effect.
On the other hand, as has been pertinently suggested, if these statutes be not construed and applied as above indicated, service by publication, though specifically authorized by statute, would place a cloud Upon every title which passes through a proceeding wherein any parties are so served, and the title and tenure of the purchaser would be doubtful and uncertain. The result would be that a prospective purchaser at any such sale must not only take notice of disclosures made by the record, but must, at his peril, ascertain whether the record speaks the truth. He would be required to assume the burden of conducting an independent investigation for the purpose of finding whether each defendant served by publication was or was not a resident of the state; and, if not, whether his place of residence could by reasonable diligence have been ascertained — determining in each case the extent of care necessary to meet the test of reasonable diligence. The same obligation would devolve upon grantees of bona fide purchasers at such sales. These considerations must have influenced the enactment of Section 11633, General Code, and the imposition of the limitation therein specified upon the remedy afforded by Section 11632.
*246 The judgment of the court of appeals is reversed and judgment is entered for plaintiffs in error.

Judgment reversed.

Wanamaker, Newman, Jones and Donahue, JJ., concur.
Nichols, C. J., dissents.