McMillan v. Chadron State Bank.

---

DUNCAN MCMILLAN, APPELLANT, V. CHADRON STATE BANK ET AL., APPELLEES.

FILED JULY 16, 1927. NO. 25017.

1. Pleading: MOTION FOR JUDGMENT. A motion for judgment on the pleadings requires a consideration of what may be found in all the pleadings as the ultimate facts.
2. Banks and Banking: IMPAIRED CAPITAL: POWERS OF DIRECTORS. Section 8031, Comp. St. 1922, *held* to authorize the directors of a state bank to levy an assessment upon the stock to repair the depleted capital or to restore the reserve, only when first authorized to do so by the stockholders of such bank. *Citizens State Bank v. Strayer*, 114 Neb. 567.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed, with directions.*

*E. D. Crites* and *F. A. Crites*, for appellant.

*George W. Ayres, T. J. McGuire, Samuel L. O'Brien* and *Allen G. Fisher, contra.*

Heard before GOSS, C. J., ROSE, DAY and EBERLY, JJ., and LESLIE and SHEPHERD, District Judges.

GOSS, C. J.

Duncan McMillan and Vida McMillan appeal separately in two causes where they individually were denied injunctions and their actions were dismissed. By stipulation the cases were consolidated here, the issues being identical.

The pleadings show that Chadron State Bank, of Chadron, Nebraska, was capitalized at $100,000 and had outstanding 1,000 shares of $100 par value fully paid. Duncan McMillan, appellant, held 100 of these shares and Vida McMillan, his wife, the other appellant, held 10 shares. On July 14, 1925, each filed a petition against the bank and its directors, alleging that the bank was a going concern, that it had never been found or adjudicated by any lawful authority to be insolvent, and that the department of trade and commerce had not taken possession of the bank under the provisions of law or otherwise; that the directors were advertising the plaintiff's stock for sale, purporting to be acting under section 8031, Comp. St. 1922, to collect an assessment of 50 per centum of the par value thereof, and that said act is unconstitutional, and that the directors have no authority under the charter to make such assessment. The defendants filed answers in which they first incorporated demurrers and then proceed to plead over. Among other things, they pleaded, as a justification for their assessment, orders from the department asking that the directors be called together and ordering them to make the assessment complained of to repair the capital stock to the extent of 50 per cent. thereof; they further pleaded that all the stockholders except plaintiffs consented to the assessment, and that later there were negotiations with Duncan McMillan, one of the plaintiffs, and a qualified offer from him, to surrender his stock, but that some weeks later,

when his offer was accepted by resolution of the board and after all other stockholders, in reliance upon plaintiff's offer, acquiesced in the proposal, he notified them, after considering it a few hours, that he would not take any such action; whereupon the defendants, as a board of directors, instructed counsel to serve notice upon plaintiff and proceed to collect the assessments. They allege that it was within the power of the department of trade and commerce, and that section 8031 conferred the power upon the defendants, as a board of directors, to make the assessments against the stock. The defendants moved, successfully, to strike certain matters from the reply, and plaintiffs asked, and were granted, leave to withdraw the general denial pleaded in their replies. This action was apparently taken in order to submit the case to the court on such facts as were well pleaded by all parties, for, thereupon, the decree entered July 23, 1925, recites, each defendant moved for judgment on the pleadings and on the demurrers in the answers. The court sustained these motions, found that the defendants were entitled to judgment on the pleadings, entered orders denying temporary and permanent injunctions and dismissed the petitions and actions of plaintiffs.

The foregoing statement is gleaned from elaborate pleadings, but, though brief, contains every issuable fact stated in the pleadings and necessary to a discussion of the case. The petitions, answers, orders, decree and briefs show that the only questions in the minds of parties, counsel and trial court centered around section 8031, Comp. St. 1922. The decree specifically mentions that statute and finds that it is constitutional in the same sentence in which the court finds that the petition does not state a cause of action and finds that the defendants are entitled to judgment on the pleadings.

The motion for judgment on the pleadings requires a consideration of what may be found as the ultimate facts in all the pleadings. *Arendt v. North American Life Ins. Co.*, 107 Neb. 716; Comp. St. 1922, sec. 8606; Comp. St. 1922, sec. 8949; *Kime v. Jesse*, 52 Neb. 606; *Boldt v. First*

*Nat. Bank,* 59 Neb. 283; *State v. Lincoln Gas Co.,* 38 Neb. 33.

Since the cases were tried this court has disposed of the issues by its opinion in *Citizens State Bank v. Strayer,* 114 Neb. 567. It was there held that section 8031 authorized "the directors of such bank to levy an assessment upon the stock, to repair the capital or restore the reserve, only when first authorized so to do by the stockholders of such bank." Under the authority of the statute as interpreted in that case, the department of trade and commerce was without authority to order an assessment of the capital stock of the Chadron State Bank because the department had never taken possession of the bank and the stockholders had never authorized them to make such an order. If it so ordered, as alleged in the pleadings, its order was insufficient to justify the action of the directors herein complained of.

It follows that the directors had no authority to order the stock of the appellants sold nor to offer it for sale. The appellants had no adequate and efficient remedy at law and were quite within their rights when they invoked the aid of equity to enjoin the directors. The court erred in giving defendants judgment on the pleadings. It should have given judgment for the plaintiffs. Therefore the judgments and decrees of the district court are reversed, with directions to enter judgment and decree for each plaintiff.

REVERSED.