THE BOARD OF TRUSTEES OF YORK COLLEGE, YORK, NEBRASKA, ET AL., APPELLEES, V. E. M. CHENEY, TRUSTEE, ET AL., APPELLEES, IMPLEADED WITH YORK COLLEGE, A CORPORATION, APPELLANT.

71 N. W. 2d 195

Filed June 24, 1955.   No. 33744.

*Emory P. Burnett, Chauncey C. Sheldon, Warren K. Dalton,* and *Van Pelt, Marti & O'Gara,* for appellant.

*Clarence S. Beck,* Attorney General, and *Homer L. Kyle,* for appellees.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

York College, an eleemosynary corporation, appealed to this court from certain orders and judgments of the trial court hereinafter set forth and discussed, assigning that the trial court erred: (1) In rendering its judgment of July 16, 1954, without notice and opportunity to be heard; (2) in subsequently rendering and entering a judgment on the pleadings; and (3) in applying its orders and judgments to all property, both real and personal, held in trust for York College. We sustain the assignments.

York College was organized as a corporation on August 26, 1890. Its purpose was the promotion of education by the establishment and maintenance of a college at York, Nebraska. Its charter was amended August 17, 1920, in particulars unimportant here. Its business affairs were controlled and conducted by a board of trustees who had authority to own property.

On February 29, 1892, E. M. Cheney, trustee, and his wife, conveyed *specifically described real estate* in York to the board of trustees of York College in trust for the Church of the United Brethren in Christ for school purposes. The deed read in part: "All the *above described property is the York College Campus. No Mortgage shall ever be put upon the Campus or the Buildings thereon, nor shall the same ever be alienated or encumbred (sic), and in case this restriction is violated, the property shall revert to the County of York, and the Court of said County shall appoint five trustees to receive and hold said property for school purposes * * *.*" (Italics

supplied.) The deed was delivered to and accepted by the trustees. Thereafter the college took and since has had possession and occupancy of the real estate. It allegedly also owns assets and personal property used to operate the college.

This court on March 5, 1954, in Board of Trustees of York College v. Cheney, 158 Neb. 292, 63 N. W. 2d 177, affirmed the trial court's judgment refusing to eliminate from the aforesaid deed the condition therein prohibiting the encumbrance or alienation of the real estate constituting the real property described in the deed; refusing to quiet the title thereto in fee simple in the board of trustees of York College so that they could mortgage, encumber, and convey it for operation and support of the college; and dismissing their application for such relief. On March 26, 1954, the mandate therein was issued by this court, and such case was entirely closed and terminated. Further, neither the trial court nor this court determined in such action that York College had theretofore violated the conditions of its deed aforesaid. No such issue was ever presented therein to either court for decision.

Nevertheless, purportedly in such original action, the county attorney of York County filed an application in the district court for York County on July 16, 1954, suggesting that "the Evangelical United Brethren Church, as successor to the church of the United Brethren in Christ, has withdrawn support from York College and their trustees decided to give up sponsorship of the same.

"Wherefore, in accordance with the restricted deed to the Trustees of York College, the Court should appoint five trustees, and they and their successors in office to receive and hold said property of York College for school purposes." The application then prayed for that relief and for such other relief as equity requires.

Thereafter on the same day, without any notice to York College or any of its officers or trustees, and without any opportunity given for them to be heard upon

the application, the trial court, in accord with the prayer thereof, rendered a judgment appointing five named trustees to "hold said property of York College for school purposes" and directed them to "function as provided by law."

In that connection, Article I, section 3, Constitution of Nebraska, provides: "No person shall be deprived of life, liberty, or property, without due process of law." That language is controlling here.

In Restatement, Judgments, § 6, p. 36, it is said: "A judgment is void unless a reasonable method of notification is employed and a reasonable opportunity to be heard afforded to persons affected." As stated in Comment a, p. 36: "Where a proper method of notification is not employed, the judgment is void, and not merely subject to reversal. * * * The rendition of such a judgment is a denial of due process of law, * * *." Also, as said in Comment f, p. 39: "Even though the court has jurisdiction over the defendant, and even though he is given notice of the action, a judgment against him is void if he was denied all opportunity to be heard." See, also, 42 Am. Jur., Process, § 4, p. 7; 12 Am. Jur., Constitutional Law, § 573, p. 267; Herman v. Barth, 85 Neb. 722, 124 N. W. 135; Albin v. Consolidated School District, 106 Neb. 719, 184 N. W. 141; Sheridan County v. Hand, 114 Neb. 813, 210 N. W. 273; Shambaugh v. Buffalo County, 133 Neb. 46, 274 N. W. 207; Morehouse v. Morehouse, 159 Neb. 255, 66 N. W. 2d 579. It is therefore elementary that the judgment rendered July 16, 1954, was void and of no force and effect whatever.

On July 22, 1954, York College and its president filed a motion for new trial and to vacate the judgment of July 16, 1954, for reasons, among others, that it was rendered without notice to or opportunity to be heard and without any hearing of any kind whereat any evidence was adduced; that the restrictive clause in the deed aforesaid to the trustees of York College provides for the appointment of trustees only upon the alienation

or encumbrance of the real property described in said deed, no violation of which had been proposed or attempted, nor had the real estate been abandoned but was still held by the trustees of York College for the use and benefit of the college; and that the judgment was not restricted to such real property, but also erroneously included all other property and assets owned by York College. It admitted that on June 30, 1954, the board of trustees of York College had adopted a resolution to appoint a committee to investigate the possibility of securing a purchaser for its other college property and assets to pay its debts and liabilities, to consider its right to pledge and its legal obligation, if any, arising by reason of the pledging of endowment fund assets of the college, and report back to the board. It also resolved that the 4-year liberal arts program should be discontinued for the ensuing school year and that a committee should be appointed to deal with assets of the college, including disposition of any personnel, faculty, or administrative staff, and the student body. However, their motion filed July 22, 1954, affirmatively alleged that no action to alienate, encumber, or abandon any property used in the conduct of York College had been taken by the board of trustees of the college.

It is argued by the Attorney General that by filing its motion July 22, 1954, and having a hearing thereon November 22, 1954, the college entered a general appearance and the judgments herein discussed were without prejudice to it. However, as held in Ivaldy v. Ivaldy, 157 Neb. 204, 59 N. W. 2d 373, after citing and quoting from numerous applicable and controlling authorities: "Such general appearance does not relate back so as to validate the void proceedings. Its only effect is to confer jurisdiction over the person of defendant from its date." In such opinion, quoting from Godfrey v. Valentine, 39 Minn. 336, 40 N. W. 163, 12 Am. S. R. 657, this court said: " 'The course of the moving party in thus seeking to have a void judgment set aside,

—to which relief he is entitled as a matter of right,— but at the same time consenting and asking that the court shall now hear and adjudicate upon the cause, may justify the court in entertaining the cause and proceeding as in an action pending in which the defendant has voluntarily appeared. But in thus urging his legal right, and thus invoking and consenting to the future action of the court, the moving party should not be deemed to have conferred jurisdiction retrospectively, so as to render valid the previous judgment, which, being unsupported by any authorized judicial proceedings, was not merely voidable, but void, and in legal effect a nullity.' "

Be that as it may, on August 7, 1954, while the motion of the college for new trial and to vacate the judgment was still pending, the Attorney General filed a motion for judgment on the pleadings for the alleged reason that the motion for new trial and to vacate the judgment rendered July 16, 1954, admitted that the college cannot or will not continue to use its real and personal property for school purposes as required by Board of Trustees of York College v. Cheney, *supra*. It will be here noted that no personal property or other assets and money belonging to York College was ever involved in that case, and the restriction in the deed to the trustees of York College referred only to specifically described real property.

Thereafter, on November 13, 1954, the trial court rendered a judgment sustaining the motion for judgment on the pleadings and impliedly, although not expressly, overruled the motion of York College for new trial and to vacate the judgment of July 16, 1954. In that connection, the only reference in this record to the fact that such motion was ever overruled appears in the notice of appeal filed by York College and the order of the trial court fixing supersedeas bond, which both recited that it was overruled November 13, 1954.

Nevertheless, on November 22, 1954, after all the aforesaid judgments and orders had been rendered, a hear-

ing was held by the trial court purportedly upon the motion of York College for new trial and to vacate the judgment of July 16, 1954, whereat evidence was adduced. There the county attorney under oath admitted that no notice was ever given to York College of his application aforesaid, that it was never given any opportunity to be heard, and that no evidence whatever was offered by anyone before the judgment of July 16, 1954, was rendered.

The president of York College, under oath, verified those facts. He further testified as follows: That no executive committee or board of trustees of York College had ever authorized the sale, conveyance, or transfer of any of the property of York Collage except some food and perishable supplies belonging to it. However, they had loaned their band instruments to a college at Le Mars, Iowa. The college still had $9,000 of its own money in a bank at York and actual possession of the college property, although temporarily it was not then conducting an academic school program because Evangelical United Brethren Church was no longer financially supporting or sponsoring the college. However, the trustees of York College were endeavoring to find another church or organization which would do so. The board of trustees had no intention of removing or disposing of any of the college property until they obtained proper instructions from a court in a proper action brought for that purpose. We conclude that the college was entitled to such relief as a matter of right.

Thereafter, the motion of the college for new trial and to vacate the judgment of July 16, 1954, was never formally disposed of. However, on December 3, 1954, the trial court entered the judgment theretofore rendered on November 13, 1954. Therein it found that the motion of the Attorney General for judgment on the pleadings should be sustained; that the board of trustees of York College had ceased to use its property held in trust for school purposes; and that said board of trustees

should be and were relieved and discharged by the court as trustees of said property. It then adjudged that the trustees appointed by the court on July 16, 1954, and their duly appointed successors should take possession of *"all property, both real and personal,* belonging to, and which is or may hereafter become a part of, the trust res of said trust, and shall hold and administer the same for school purposes in accordance with the terms and conditions of said trust." (Italics supplied.)

This court has held that: "A motion for judgment on the pleadings, like a demurrer, admits the truth of all well-pleaded facts in the pleadings of the opposing party, together with all reasonable inferences to be drawn therefrom. The party moving for judgment on the pleadings necessarily admits, for the purpose of the motion, the untruth of his own allegations insofar as they have been controverted." International Harvester Co. v. County of Douglas, 146 Neb. 555, 20 N. W. 2d 620.

Such rule was reaffirmed in Anderson v. Anderson, 155 Neb. 1, 50 N. W. 2d 224, which also held that: "The general rule is that, while the court will take judicial notice of its records, it will not in one case take such notice of the record in another case.

"The doctrine that the court will take judicial notice of a final order made by it in another case which is so interwoven and interdependent with the pending case as to justify the application of it is an exception to the general rule, recognized by the necessity of giving effect to a former holding which finally decided questions of fact and law."

In State ex rel. Nebraska State Bar Association v. Wiebusch, 153 Neb. 583, 45 N. W. 2d 583, we held: "Where, upon statements in the pleadings, one party is entitled by law to judgment in his favor, judgment should be so rendered by the court."

As stated in 71 C. J. S., Pleading, § 427, p. 870: "A motion for judgment on the pleadings searches the

record and permits an examination of the prior pleadings of the party making the motion; the court may consider the whole record and give judgment for the party who appears entitled to it." As stated in § 429, p. 871: "A judgment on the pleadings may be granted when it appears from the pleadings that only a question of law is presented." As stated on page 872: "A judgment on the pleadings is allowable not for lack of proof, but for lack of an issue; hence, it is proper where the pleadings entitle the party to recover without proof, as where they disclose all the facts, or where the pleadings present no issue of fact * * *."

In Boldt v. First Nat. Bank of West Point, 59 Neb. 283, 80 N. W. 905, it is held: "To warrant affirmative relief to a party in a cause submitted upon the pleadings he must be entitled thereto upon the facts therein stated. The question is not upon whom is the burden of proof, but who is to be accorded judgment upon the facts pleaded. See State v. Lincoln Gas Co., 38 Neb. 33."

Also, as held in McMillan v. Chadron State Bank, 115 Neb. 767, 214 N. W. 931: "A motion for judgment on the pleadings requires a consideration of what may be found in all the pleadings as the ultimate facts."

In the light of such rules we may assume for the purpose of argument only that the motion of York College for new trial and to vacate the judgment of July 16, 1954, was a pleading which could be considered by the trial court together with all other pleadings in the case, including the ultimate decision in Board of Trustees of York College v. Cheney, supra, in disposing of the Attorney General's motion for judgment on the pleadings. Yet, we conclude that they presented, with regard to the real property, personal property, and other assets of York College, issues of fact determinable only by a trial on the merits in a proper action which required the trial court to overrule the Attorney General's motion for judgment on the pleadings.

For reasons heretofore stated we decide that the

judgment of the trial court rendered July 16, 1954, was void and of no force and effect; that the motion of York College for new trial and to vacate such judgment should have been sustained; and that the motion of the Attorney General for judgment on the pleadings should have been overruled, and that the sustaining thereof and rendition of the judgment in response thereto were both erroneous and should be vacated. We therefore conclude that the judgment rendered July 16, 1954, and the judgment and order rendered November 13, 1954, and entered December 3, 1954, should be and hereby are reversed and vacated, and the cause is remanded for further proceedings in conformity with this opinion.

REVERSED AND REMANDED.