M. E. SMITH ET AL., APPELLANTS, V. FRANK SHAFFER ET AL., APPELLEES.

[FILED MAY 20, 1890.]

1. **Parties:** DEFECT: PRACTICE. When it appears that all the parties necessary to a proper and complete determination of an equity cause were not before the district court, the supreme court may remand the cause for the purpose of having such parties brought in.

2. **Equitable Relief.** *Held,* That the facts stated at length in the
   opinion are sufficient to entitle the plaintiff to equitable relief.

APPEAL from the district court for Harlan county.
Heard below before GASLIN, J.

*C. C. Flansburg,* for appellants.

*Morning & Keester,* for appellees Hamlin and Shaffer.

*J. G. Thompson,* and *F. B. Beall,* for intervenors Ken-
nard *et al.*

NORVAL, J.

This suit was brought by the appellant and is in the
nature of a creditor's bill.   The petition alleges :

"That the plaintiff recovered a judgment in the county
court of Harlan county against Frank Shaffer for $146
debt and $5.60 costs, which judgment remains in full force
and is unsatisfied ; that on the 26th day of November,
1888, a transcript of said judgment was filed in the office of
the clerk of the district court of said county and on the 5th
day of December, 1888, an execution was issued upon said
judgment, which execution was returned wholly unsatisfied
on the 12th day of the same month ; that the defendant
Frank Shaffer is entirely insolvent, and has no property
whatever liable to execution to satisfy said judgment ; that
on the 14th day of November, 1888, the defendant Frank
Shaffer, being the owner thereof, conveyed the following
described premises, to-wit: The southwest quarter and the
south half of the southeast quarter, and lots five (5) and
six (6), in section eleven (11), and the north half of sec-
tion fourteen (14), and the east half of the southwest
quarter and the southeast quarter of section fourteen (14),
and the west half of the northeast quarter and the east
half of the northwest quarter of section twenty-three (23),
all in township one (1) north, of range seventeen (17) west,

42

in Harlan county, Nebraska, and sixty-two (62) feet off the south ends of lots twenty-two (22), twenty-three (23), and twenty-four (24), and fifteen (15) feet off the west side of the north sixty-seven (67) feet of lot twenty-two (22), all in block twelve (12) in the original town (now city) of Alma, Nebraska, to J. E. Hamlin and C. L. Shaffer, his co-defendants, without any consideration, and for the purpose of hindering and defrauding the plaintiff and other creditors of said Frank Shaffer, as defendants C. L. Shaffer and J. E. Hamlin then well knew; that the expressed consideration of said deed was the sum of about sixteen thousand ($16,000) dollars.    That the grantees agreed in said deed, and did assume and agree, to pay off the incumbrance of record against the said property, and that the incumbrance of record as appears therefrom was the sum of about $23,000; that about the sum of $3,500 of the incumbrance on the land in town 1, range 17, was on the ——— day of June, 1888, released by taking new notes and securing these new notes by a mortgage on the separate property of the wife of Frank Shaffer; that in assuming and agreeing to pay off the incumbrances of record the said grantees assumed this $3,500 as an incumbrance on the land and afterwards as an incumbrance on the town property, and plaintiff is entitled to reach the same in the hands of said grantees, and have it applied to the payment of his claim."

The prayer of the petition is that the deed of conveyance from Frank Shaffer to his co-defendants, J. E. Hamlin and C. L. Shaffer, be declared null and void, and that said premises may be sold to satisfy plaintiff's judgment; that said grantees may be held as trustees for the plaintiff and other creditors of said Frank Shaffer, to the extent of $3,500, the amount he has twice assumed and agreed to pay off, and for such further and different relief as equity may require.

The answer of the defendants was a general denial.    Af-

terwards, and before the trial, Donald Bros. & Co., and several other judgment creditors of Frank Shaffer, were permitted to intervene and filed cross-petitions, each creditor setting up his judgment and asking that the land described in plaintiff's petition be sold to satisfy the same. The court found the issues against the plaintiff and the intervening defendants.

It is admitted that the property described in the petition was conveyed by Frank Shaffer and his wife on the 14th day of November, 1888, to J. E. Hamlin and C. L. Shaffer, and that at the time Frank Shaffer was insolvent. It is likewise admitted that the plaintiff recovered a judgment for the amount stated in the petition, and that an execution was issued thereon and returned unsatisfied. The property, when conveyed by Shaffer and wife, was worth about $23,000, and at that time there appeared of record incumbrances amounting to about $22,000. The defendants J. E. Hamlin and C. L. Shaffer paid for the property $850 in cash, and agreed to pay off all of said liens. So far as the testimony discloses the property was purchased in good faith, and the cash payment was made. It is claimed that some $3,500 of the liens appearing of record, which the purchasers agreed to discharge, had already been paid off by the giving of other notes secured by mortgage, but had not been released of record. The creditors seek to reach this money in the hands of the purchasers, and have it applied to the payment of their judgments.

It appears from the testimony that on the 27th day of December, 1887, Frank Shaffer secured various creditors by giving his notes aggregating $8,796.25 and secured the same by mortgage on the real estate described in the petition as being in sections 11, 14, and 23, and also upon block 11 in Simms' addition to the city of Alma. For convenience, the notes and mortgage were made to one John Dawson, who indorsed them to the various creditors.

Among the notes secured by the mortgage were three notes aggregating $2,550.53 which were indorsed to Turner-Frazier Mercantile Co., also three notes of $322 each which were indorsed to McKinney, Hundly & Walker.   On the 14th day of June, 1888, W. K. James, an attorney representing said Turner-Frazier Mercantile Co. and McKinney, H. & W., took new notes amounting to $3,500, signed by Frank Shaffer and Jennie, his wife, secured by a mortgage on the real estate described in the petition as being in block 12 of the city of Alma, which mortgage was placed on record.   At the same time Jennie Shaffer, to further secure the payment of said notes, gave a mortgage on four hundred acres of land, her separate property.   The six notes held by Turner-Frazier Mercantile Co. and Mc-Kinney, Hundley & Walker were assigned by them to Jennie Shaffer, to secure her against the payment of the said notes she had signed with her husband, and which she had secured by mortgage on her own real estate.   These notes she still holds and were produced on the trial.   J. E. Hamlin and C. L. Shaffer assumed the full amount of the mortgage for $8,796.25, as well as the mortgage for $3,500, as each appeared of record unpaid.   It is apparent that the sum of $3,500 was assumed twice, and that, so far as the creditors of Frank Shaffer are concerned, the payment by the purchasers of the mortgage held by Turner-Frazier Mercantile Co. and McKinney, Hundley & Walker would be a payment of the six notes held by Mrs. Shaffer. The creditors, upon the facts disclosed by the record before us, if Mrs. Shaffer were a party to the suit, would be entitled to relief.

The grantees of Frank Shaffer, having assumed all liens appearing of record, might be called upon by Mrs. Shaffer to pay the six notes held by her, and in such a suit they could not dispute the validity of her lien. (*Skinner v. Reynick*, 10 Neb., 323; *Bond v. Dolby*, 17 Id., 491; *Freeman v. Auld*, 44 N. Y., 50; *Miller v. Thompson*, 34 Mich., 10;

*Green v. Houston*, 22 Kan., 35.) These creditors, however, are not prevented from showing the nature of her claim. To grant the plaintiff and the intervenors the relief demanded without having Mrs. Shaffer before the court so as to be bound by the decree, would be inequitable. She should have been made a party to the suit so that the decree could also provide that the payment of the mortgage held by Turner-Frazier Mercantile Co: and McKinney, Hundly & Walker would be a cancellation of the notes held Mrs. Shaffer.

The decree of the lower court is reversed and the cause remanded for further proceedings, with permission to the creditors to make Jennie Shaffer a party defendant.

JUDGMENT ACCORDINGLY.

THE other judges concur.