DOLORES LUCILLE WORKMAN ET AL., APPELLANTS, V. CLARA D. WORKMAN, EXECUTRIX OF THE ESTATE OF LEWIS M. WORKMAN, DECEASED, ET AL., APPELLEES, IMPLEADED WITH DELLOUISE WORKMAN CARROLL, APPELLANT.

95 N. W. 2d 186

Filed February 20, 1959. No. 34500.

*Perry, Perry & Nuernberger* and *Crosby, Pansing & Guenzel,* for appellants.

*Max Kier* and *Richard Berkheimer,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This appeal is a challenge of the correctness of a summary judgment in favor of Frank M. Workman; a summary judgment in favor of Clara D. Workman, executrix of the estate of Lewis M. Workman, deceased; a judgment on the pleadings in favor of Clara D. Workman, Apartment Supply House, Apartments, Inc., Capitol Enterprises, Inc., Capitol Investment Co., and Capitol Land & Investment Co.; and a judgment of dismissal of the action as to the named parties in favor of whom the judgments were rendered. The motions for summary judgment and the motion for judgment on the pleadings were each submitted and decided without evidence offered in support of any of them and there is no bill of exceptions in the record of this appeal that contains anything material or important to any of the motions or any of the judgments rendered as above described. The correctness of the action of the court in rendering the judgments must be determined from a consideration only of the pleadings of the parties affected as they were on the date the motions were sustained and the judgments were rendered.

The third amended and supplemental petition of appellants contains these allegations: Dolores Lucille Workman is the duly appointed and qualified guardian of Joseph, Robert, and Francine Workman, minor children of Dolores Lucille Workman and Frank M. Workman. Dellouise Workman Carroll is a sister of the minors. Frank M. Workman, hereafter referred to by his name or as Workman, is a son of Lewis M. Workman and Clara D. Workman. Apartment Supply House was a partnership with Lewis M. Workman and Clara D. Workman as its members. The latter is the surviving partner and is operating under the trade name of Apartment Supply House. Capitol Enterprises, Inc., Apart-

ments, Inc., Capitol Investment Co., and Capitol Land & Investment Co. are corporations and each of them is used by Workman for the purpose of receiving property and proceeds of property pursuant to a scheme and device adopted by Workman to defraud appellants and Dellouise Workman Carroll by which Workman is attempting to reduce his marital estate and place it in the name of his parents or corporate entities apparently owned by his parents but actually owned by Workman. The last two corporations have each received the apparent title to property to further the scheme and device and are operated to defraud appellants for the benefit of Workman.

All issues between Dolores Lucille Workman, hereafter designated Mrs. Workman or by complete name, and her former husband, Workman, have been finally determined and settled except as to the cause of action alleged in the third amended and supplemental petition herein by which the gift made by Workman and Mrs. Workman to their children is attempted to be made effective and such cause of action is reserved in Mrs. Workman as a donor entitled to assert that the gift in which she joined of assets to the Workman trust be rendered and adjudicated fully effective. The scheme and device of Workman to defraud Mrs. Workman of her interest in the property of the marital estate which she owned or in which she had an interest consisted in part in Workman making leases of corporate real estate to his parents or to Clara D. Workman individually for improvident rentals to enable the income from real estate to be diverted and appropriated before it reached the corporations or trusts, and the retention of actual control, use, and ownership of the property by Workman whether the nominal title appears in his parents or in corporate entities. The frauds, devices, and schemes were planned, adopted, and practiced for the purpose of preventing the gift of Mrs. Workman and Workman

to their children hereinbefore named from being effective.

In the time between October and December 1949, Workman fraudulently represented to Mrs. Workman that it was desirable and to their interest that conveyances of real estate owned jointly by them as husband and wife and operated as a business partnership should be made to corporations to save income and federal estate taxes and to plan the disposition of their estates; that notwithstanding the conveyances the real estate would remain their property for all practical purposes; that the income and rentals from it would be available to them during their lifetime; and that the children would be benefited by the transfer to the extent the income was not needed by the grantors. Mrs. Workman relied upon the trust relationship existing between her and her husband because of their marital status, their partnership relationship, and the specific representations made to her as aforesaid, and because thereof she joined Workman in deeds of real property in the city of Lincoln, as described in detail in exhibit C, made a part of the pleadings of appellants herein, to Capitol Investment Co., and as described in detail in exhibit D, attached to and made a part of the pleading of appellants herein, to Capitol Land & Investment Co.

The capital stock of the grantees last described is deposited in the Workman trust of which Continental National Bank of Lincoln is trustee and Frederick J. Patz is cotrustee. Workman, in fraud of appellants and with apparent acquiescence of the trustees, has managed the real estate composing the assets of the corporations and the corporations so that little or no profit has accrued to them and no dividends have been declared or if any have, they have been inadequate and disproportionate to the actual earnings and net worth of the corporations, all of which is a purposeful carrying out by Workman and others participating with him in

said conspiracy, scheme, and fraud. The continuation of said operation is not to the best interest of the trust and is a direct contradiction of the instrument drafted and purportedly executed establishing the trust. Appellants have no adequate remedy at law and a decree of the court should be rendered directing the trustees, or someone in their stead selected and empowered by the court, to exercise their rights and duties as holders of the corporate stock of the corporations; removing the management thereof from Workman; cancelling the fraudulent lease or leases of the real estate to Lewis M. Workman, Clara D. Workman, and Apartment Supply House; and directing the declaration of dividends upon the corporate stock for the preservation and improvement of the property and the trust estate.

In furtherance of the conspiracy and fraudulent scheme the parents of Workman as individuals and as Apartment Supply House and Workman as the alleged president of Capitol Investment Co. made a lease to the premises described in exhibit C as item No. 1, known as 1111 to 1119 H Street, for an inadequate, unreasonable, and fraudulent rental for a period of 10 years commencing July 1, 1950. The parents of Workman are named as lessees and by virtue thereof accruing rentals from the real estate described in the lease in excess of $17,000 per year were transferred or apparently transferred to the parents of Workman for a consideration of less than $3,300 per year. The lease is fraudulent and should be annulled and Lewis M. Workman and Clara D. Workman, the named lessees, should be required to account for the proceeds received by them from said fraudulent lease. A part of the proceeds accruing to the lessees on account of the lease has been invested in property in the name of the lessees or in corporations organized by lessees which are Apartments, Inc., and Capitol Enterprises, Inc.

In furtherance of the conspiracy and fraudulent scheme the parents of Workman as individuals and as

Apartment Supply House and Workman as the alleged president of Capitol Land & Investment Co. made a lease to the premises described in exhibit D as item No. 1, known as 429 to 447 South Twelfth Street in Lincoln and 1132 to 1143 K Street in that city, for an inadequate, unreasonable, and fraudulent rental for a term of 10 years commencing July 1, 1950. The parents of Workman are named as lessees and by virtue thereof accruing rentals from the real estate described in the lease in excess of $26,000 per year were apparently transferred to the parents of Workman for a consideration of less than $6,780 per year. The lease is fraudulent and should be annulled and Lewis M. Workman and Clara D. Workman, the named lessees, should be required to account for the proceeds received by them from said fraudulent lease. A part of the proceeds accrued to the lessees on account of the lease has been invested in property in the name of the lessees or in corporations organized by appellees which are Apartments, Inc., and Capitol Enterprises, Inc.

The parents of Workman, in furtherance of the conspiracy to defraud appellants as above alleged, organized Capitol Enterprises, Inc., and paid rentals to it from said property in the name of corporations whose stock is owned by the Workman trust as aforesaid and with the fraudulently acquired assets have purchased specifically described real estate in Douglas County. The parents of Workman took title under the fraudulent arrangement to specifically described real estate located in Lancaster County. In furtherance of the conspiracy to defraud, the parents of Workman organized Apartments, Inc., and paid to it rentals from the real estate and corporations whose stock is owned by the Workman trust as above recited and with the fraudulently acquired assets have purchased specifically described real estate located in Platte County.

Workman occupied a fiduciary relationship to appellants by virtue of his status as husband of Mrs. Work-

man, father of their children, the holder of a power of attorney from Mrs. Workman, and as legal guardian of his children. The transactions described are void except the transfers of property as gifts to the children above referred to and to the Workman trust. The leases of the property hereinbefore described were entered into because of the conspiracy of Workman, his parents, and the four corporate entities organized, directed, and controlled by the individual conspirators, and said three individuals and four corporations acted in reference to the leases for the sole and only purpose of reducing the marital estate of Workman and rendering the gifts to his children and the Workman trust ineffective. Demand has been made upon the Continental National Bank of Lincoln and Frederick J. Patz as trustees of the Frank M. Workman trust to institute and prosecute the causes of action herein stated but the trustees have failed and neglected to take any action. The prayer of appellants is for relief appropriate because of the allegations contained in the third amended and supplemental petition.

Lewis M. Workman died July 31, 1955, and the action was revived as to him in the name of Clara D. Workman, special administratrix of the estate of the deceased, and thereafter a second revivor of the action was had as to the deceased in the name of Clara D. Workman as executrix of the estate of the deceased.

The answer of Clara D. Workman as executrix of the estate of Lewis M. Workman, deceased, and as an individual, Apartment Supply House, Frank M. Workman, Apartments, Inc., Capitol Enterprises, Inc., Capitol Investment Co., Capitol Land & Investment Co., and Dellouise Workman Carroll, contains the following: A denial of all of the allegations of appellants not admitted and the following admissions: Clara D. Workman is the widow of Lewis M. Workman, deceased, and is the executrix of his estate, proceedings for the administration of which are pending in the county court of Lancas-

ter County. Apartment Supply House was a trade name under which Lewis M. Workman and Clara D. Workman held title to property. Frank M. Workman is the divorced husband of Dolores Lucille Workman and the father of Joseph, Robert, and Francine Workman and Dellouise Workman Carroll. Apartments, Inc., Capitol Enterprises, Inc., Capitol Investment Co., and Capitol Land & Investment Co. are Nebraska corporations. Continental National Bank and Frederick J. Patz were trustees of the Workman trust but the latter has resigned as such trustee. Frank M. Workman and his wife were divorced by decree of the district court for Lancaster County and all requirements of the decree have been performed to the time of the making of the answer. The creation of the Workman trust by Frank M. Workman and Dolores Lucille Workman was admitted and property was placed therein at the time of its creation and subsequent thereto by Frank M. Workman.

The answer contains allegations of new matter as follows: The leases referred to in the third amended and supplemental petition of appellants were entered into for an adequate consideration; are reasonable, fair, and just; and should be sustained. The appointment of Dolores Lucille Workman as guardian is not final. An appeal therefrom is pending in the district court for Lancaster County and because thereof she is without capacity to maintain this action. The cause of action alleged in the third amended and supplemental petition is foreign as to parties, subject matter, and causes of action from that presented in the original petition in this case and constitutes a departure from the original action. The action as to Clara D. Workman, executrix of the estate of Lewis M. Workman, deceased, may not be maintained because the jurisdiction of the district court for Lancaster County would be appellate only and no claim was filed in the county court of that county in the estate of the deceased. The time to file claims against the estate has expired and all claims are barred. The

third amended and supplemental petition fails to state a cause of action against Frank M. Workman. All controversy between him and his former wife has been settled and satisfied by their stipulation in writing filed in this cause on December 30, 1957. Mrs. Workman is neither a necessary or proper party to this action and there is a misjoinder of parties by reason thereof. Any claims by Mrs. Workman against any of the adverse parties are barred by the statute of limitations. The appellees prayed a dismissal of the action.

The answer of The Continental National Bank of Lincoln admitted many of the allegations of the third amended and supplemental petition of appellants, denied those concerning which it had no information, and contained the following new matter: The bank and Frederick J. Patz were trustees of the Workman trust and the bank denied that it had participated and acquiesced in any scheme, fraud, or conspiracy as described in the pleading of appellants, or otherwise. Mrs. Workman, following the commencement of this suit, demanded that the bank take steps to cancel the leases referred to in her third amended and supplemental petition. The bank did not comply with her demand. The prayer of its answer is that it be found not to have participated or acquiesced in any scheme of fraud or conspiracy; that the court determine the respective rights of the parties in and to the property and proceeds thereof described in the pleading of appellants; and for costs, including a reasonable fee for their attorney.

The reply of appellants to the answers contains a denial of all allegations in the answers which are not admissions of allegations of the pleading of appellants and the reply alleges matters claimed to constitute Dolores L. Workman guardian of her minor children and that she is authorized to appear for them in this action.

Dellouise Workman Carroll, by permission of the court, withdrew as a party to the answer and all other pleadings in which she had previously joined and made

a separate answer in the case in which she admitted and alleged all the allegations of the third amended and supplemental petition of appellants and adopted and made said allegations her answer in the case. The prayer of her answer was for specific and general relief in accordance with the allegations thereof.

One of the reasons given by the trial court for the rendition of summary judgment in favor of Workman was that by stipulation made by him and Mrs. Workman all controversies upon which relief could be granted in respect to her were settled and disposed of except such claims as she has or asserts in behalf of her minor children and in that regard she has no cause of action individually and any powers she claims as guardian of them were suspended by an appeal from her appointment which is pending.

The stipulation by Workman and Mrs. Workman filed in this case in the district court December 30, 1957, specified the trial of the action which was to commence December 3, 1957, should be postponed for the purpose of affording the parties to the stipulation an opportunity to make the settlement therein set forth of the issues of the present action involving payments required to be made by Workman to Mrs. Workman individually. It was provided therein that the Frank M. Workman trust should be revoked and that the action should be dismissed as to Capitol Apartments, Inc., Capitol Real Estate Co., and Continental National Bank, trustee of the Frank M. Workman trust, "but as to said defendants only." The stipulation accomplished the objects above noted. It also significantly contained a provision that when the dismissal was accomplished as above required, "* * * either party may amend their petition or answer to clarify the issues * * * and the issues shall be subject to trial upon the merits forthwith upon the request of either of the parties hereto."

Thereafter appellants filed their third amended and supplemental petition containing the charges above re-

cited against Workman without an objection from him and somewhat later he joined in an extensive answer to the third amended and supplemental petition of appellants. He was, more than 3 months after the stipulation was made, a party to a motion to strike a paragraph of the reply of appellants. The stipulation contains no statement or inference that any cause of action alleged in the third amended and supplemental petition of appellants was intended to be or was settled, disposed of, or barred as to Workman. The stipulation by its terms affirmatively disputes any such intention or effect of it and his conduct in reference to this case thereafter as above recited establishes and convinces that he had no idea, belief, or intention that the stipulation disposed of the pending cause of action as to him. Any cause of action alleged in the third amended and supplemental petition of appellants exists in every respect as though the stipulation had never been made.

The reply of Mrs. Workman as guardian of the minor children makes allegations that challenge the effectiveness of the appeal that appellees claim was taken from the appointment of the mother of the children as their guardian and the allegations thereof contest the right of appellees to interpose the objection that the appointment of the guardian was by an appeal suspended. There is an issue in this respect. The mother of the minor children above named made an application, defective in form and indefinite in expression, for the purpose apparently of advising the trial court that a contention was made by appellees that an appeal had been taken from the appointment of Mrs. Workman as guardian of the minor children; that the appeal was pending; that her authority as guardian was thereby suspended; that it was alleged and claimed by appellees that the minor children were not parties to the litigation and this resulted in there being no party plaintiff who had sufficient interest to prosecute the action; and that because thereof she desired, as next friend of the minor

children, to make them plaintiffs in the action by her as their next friend. The application of Mrs. Workman in this respect was filed and called to the attention of the court. A hearing thereof was requested and refused several days before the motions for summary judgment and the motion for judgment on the pleadings were heard by the court. The application for leave to make the minors plaintiffs by their mother as next friend was not heard but the case was disposed of while it was pending by summary judgments, judgment on the pleadings, and a judgment of dismissal "without prejudice to the rights of the Workman children" except as to Clara D. Workman as executrix of the estate of Lewis M. Workman, deceased, and the dismissal of the case as to her as executrix was with prejudice.

Any rights of Dellouise Workman Carroll, the adult sister of the minors, in the subject matter of this litigation were identical with the rights of her minor brothers and sister therein. The adult sister was given leave by the trial court, before the motions of appellees were heard and the judgments were rendered, to file a pleading. She did and in it she admitted all allegations of the third amended and supplemental petition and adopted and made them by reference a part of her pleading, the prayer of which is for specific and general relief in accordance with those allegations. Her pleadings also resisted any summary judgment, judgment on the pleadings, or judgment of dismissal of the case.

It was error for the court to refuse permission for the minor children above named to become parties to this case by their mother as their next friend.

In 27 Am. Jur., Infants, § 101, p. 823, this language appears: "In all suits or legal proceedings, of whatever nature, in which the personal or property rights of a minor are involved, the protective powers of a court of chancery may be invoked whenever it becomes necessary fully to protect such rights. If such proceedings are instituted and it appears to the court that

the infant is unrepresented by anyone fully charged with the power and duty of protecting his interests, it is the duty of the court to appoint a guardian ad litem for the minor. But the court's duty does not end here. The minor, in such an action, becomes a ward of the court of chancery, and the chancellor himself is, in legal contemplation, the infant's guardian."

In Jones v. Hudson, 93 Neb. 561, 141 N. W. 141, 44 L. R. A. N. S. 1182, this court said: "A court of equity, if cognizant of the facts, should, on its own motion, protect the rights of minors, when involved in litigation to which they are not parties." See, also, In re Will of Jaeger, 218 Wis. 1, 259 N. W. 842, 99 A. L. R. 738; 27 Am. Jur., Infants, § 113, p. 833.

In this state an action of an infant must be brought by his guardian or next friend and when such an action is brought by a guardian of the infant, the court has power, for cause, to substitute the next friend in place of the guardian. § 25-307, R. R. S. 1943. The district court has authority to and it should appoint a guardian ad litem or permit their next friend to appear for unrepresented, interested infants. Cass v. Pense, 155 Neb. 792, 54 N. W. 2d 68.

The beneficiaries of the arrangement made by Workman and Mrs. Workman as pleaded in the third amended and supplemental petition are their children, three of whom are minors. It follows they are necessary parties to the litigation as a condition of a full and final determination of the controversy alleged in this case. This is especially true if, as appellees contend, Mrs. Workman does not have capacity to be a proper plaintiff in the case, which it is not now necessary to determine. The Code of Civil Procedure declares if a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought into the litigation. § 25-323, R. R. S. 1943. Smith v. Shaffer, 29 Neb. 656, 45 N. W. 936, declares: "When it appears that all the parties necessary to a proper and

complete determination of an equity cause were not before the district court, the supreme court may remand the cause for the purpose of having such parties brought in." See, also, Cunningham v. Brewer, on rehearing, 144 Neb. 218, 16 N. W. 2d 533; Burke Lumber & Coal Co. v. Anderson, 162 Neb. 551, 76 N. W. 2d 630. .

Any right of the minors by their next friend to have timely intervened in the case did not curtail the power of the court to have them brought before it if their presence was necessary to a proper determination of the litigation. Brown v. Brown, 71 Neb. 200, 98 N. W. 718, 115 Am. S. R. 568.

This is an action in equity and it is an ancient doctrine that when equity once acquires jurisdiction it will retain it for all purposes until the controversy has been completely and finally determined. Hardt v. Orr, 142 Neb. 460, 6 N. W. 2d 589.

The trial court was wrong in not permitting or requiring Joseph Workman, Robert Workman, and Francine Workman, minors, by their next friend, Dolores Lucille Workman, to be made plaintiffs in this case with leave to them to file, within a reasonable time, any additional pleading deemed necessary to present the rights they claimed in the subject matter of this action.

That no cause of action is alleged in the third amended and supplemental petition against Workman was another reason given by the trial court for the summary judgment rendered in favor of Workman. This is not important as a reason for the action of the court because a motion for a summary judgment is not a proper method to challenge the sufficiency of a petition to state a cause of action. In Healy v. Metropolitan Utilities Dist., 158 Neb. 151, 62 N. W. 2d 543, this court said: "A motion for a summary judgment is not a substitute for a motion to dismiss, a demurrer, or a judgment on the pleadings. It is a new procedure which may be used

in certain cases where other procedural steps are not effective."

That there is no genuine issue as to any material fact was an additional basis given by the trial court for the entry of summary judgment in favor of Workman. There is an issue in this case as to whether or not Workman has, by conspiracy, fraud, and misrepresentation, wrongfully and illegally by various schemes, means, and methods, with the participation and assistance of individuals and corporate entities joined in the action as parties, intercepted, diverted, and misappropriated property, income therefrom, and proceeds of property, contrary to the arrangement alleged to have been made by Workman and Mrs. Workman because of which she joined Workman in conveyances of real estate to corporations managed and controlled by Workman for the purpose of thereby accomplishing a trust status of the property and accruals therefrom for the benefit of the children of Workman and Mrs. Workman. The primary object of the action is not to administer the alleged trust or its assets but to get into the trust the assets which it is alleged were intended to constitute the trust estate so that it can be administered by a trustee or other proper agency for the purposes and benefits of the alleged beneficiaries, without control, management, or interference of Workman who, it is alleged, is a defaulting creator of a trust willfully, fraudulently, and corruptly for the purpose of defeating it and that he may enjoy the property and income therefrom and personally profit thereby.

There is a genuine issue of fact in this case and Workman is not entitled to judgment as a matter of law. In order to obtain a summary judgment the movant must show that there is no genuine issue of fact and that he is entitled to judgment as a matter of law. Johns v. Carr, *ante* p. 545, 93 N. W. 2d 831.

The reasons given by the trial court for the rendition of summary judgment in favor of Clara D. Workman, executrix of the estate of Lewis M. Workman, de-

ceased, are in substance that the jurisdiction of the district court was appellate only in respect to her; that no claim was filed in the county court in the proceedings for the administration of the estate of Lewis M. Workman, deceased, in respect to the cause of action asserted in the present case; that claims against the estate are barred; and that there is no genuine issue in this case as to any material fact.

This action was commenced April 8, 1955. Lewis M. Workman was then made a party to the case. He died July 31, 1955. This action was, upon stipulation to which the representative of the estate of the deceased was a party, revived against Clara D. Workman, special administratrix of the estate of the deceased. An amended and supplemental petition was filed and thereafter a revivor of the action was had by stipulation, to which the representative of the estate of the deceased was a party, against Clara D. Workman, executrix of the estate of the deceased. The cause of action alleged survived the death of Lewis M. Workman, an original defendant in the case. §§ 25-1401 and 25-1402, R. R. S. 1943. Procedure for revivor is provided by statute upon the death of a litigant in a cause pending in his lifetime if the cause of action did not abate upon his death. §§ 25-1406, 25-1407, and 25-1411, R. R. S. 1943; Murray v. Omaha Transfer Co., 95 Neb. 175, 145 N. W. 360, 7 A. L. R. 1343; Murray v. Omaha Transfer Co., on rehearing, 98 Neb. 482, 153 N. W. 488, 7 A. L. R. 1343; Wilfong v. Omaha & C. B. St. Ry. Co., 129 Neb. 600, 262 N. W. 537. The failure to file a claim against the estate of Lewis M. Workman, deceased, is not significant in this litigation.

It is alleged in the third amended and supplemental petition that Lewis M. Workman conspired with, participated in, and assisted Frank M. Workman in the fraudulent and unlawful acts charged against him. There is a genuine issue of fact in this case in that regard, and what is said above in this respect concerning

the summary judgment rendered in favor of Frank M. Workman is applicable to the summary judgment rendered in favor of Clara D. Workman as executrix of the estate of Lewis M. Workman, deceased. She was not entitled to a summary judgment as a matter of law.

The motion for judgment on the pleadings by Clara D. Workman, Apartment Supply House, Apartments, Inc., Capitol Enterprises, Inc., Capitol Investment Co., and Capitol Land & Investment Co. was sustained by the district court because it found, among other things, that the cause of action alleged in the third amended and supplemental petition was an entirely new and different cause of action from the one alleged in the original petition and that the former is a complete departure from the latter. This is true and would have been a matter of procedural importance if it had been properly and timely presented. There might have been significant objections if promptly made to the fact that additional plaintiffs were added whose claimed rights varied from those asserted by the single original plaintiff; likewise as to the manner in which the named defendants accumulated in the litigation, the greater part of whom were not alleged to have been affected by or concerned in the original cause of action. However, three amended and supplemental petitions were filed without an objection that any of them presented a cause of action different from that contained in the original petition. There was a stipulation of the parties after the first amended and supplemental petition was filed for revivor of the case because of the death of Lewis M. Workman and revivor was had without objection from anyone for any reason. There was a stipulation after the second amended and supplemental petition was filed by which the trial date of the case was postponed to permit Workman and Mrs. Workman to settle issues in the case between them concerning payments to be made by the former to the latter. This stipulation provided permission for the filing of amended plead-

ings and for trial of the issues in the case forthwith upon request as therein stated. The third amended and supplemental petition was filed and answers were interposed thereto by appellees without objection that there was a departure of the cause of action therein alleged from the original cause of action except as hereinafter stated. There is no pleading by any party exhibited by the record in this case that there was a defect of parties or a misjoinder of parties or an improper joinder of causes of action. The first mention of departure from the original cause of action is in the answer of Workman and others filed after the stipulation which provided for amended pleadings in accordance with which the third amended and supplemental petition was filed. Any objection on the basis of departure was waived by the conduct of the appellees long prior to the appearance of the motion for judgment on the pleadings.

A judgment on the pleadings is not appropriate to present the objection of a departure. A motion of this character attacks the pleadings for a deficiency of substance and presents a question of law. It admits the truth of all well-pleaded facts in the pleadings of the opposing party and reasonable inferences therefrom and necessarily admits, for the purposes of the motion, the untruth of the allegations of the movant insofar as they have been controverted. Brown v. Royal Highlanders, 140 Neb. 54, 299 N. W. 467; International Harvester Co. v. County of Douglas, 146 Neb. 555, 20 N. W. 2d 620; Board of Trustees of York College v. Cheney, 160 Neb. 631, 71 N. W. 2d 195; 41 Am. Jur., Pleading, § 335, p. 520.

The court sustained the motion for judgment on the pleadings and rendered a judgment of dismissal of the case "without prejudice to the rights of the Workman children." The third amended and supplemental petition stated a cause of action and the action of the trial court may not be sustained.

The summary judgment in favor of Frank M. Workman; the summary judgment in favor of Clara D. Workman as executrix of the estate of Lewis M. Workman, deceased; the judgment on the pleadings in favor of Clara D. Workman, Capitol Supply House, Apartments, Inc., Capitol Enterprises, Inc., Capitol Investment Co., and Capitol Land & Investment Co.; and the judgment of dismissal of the case should be and they each are hereby reversed, and the cause is remanded with directions to the district court for Lancaster County to permit Joseph Workman, Robert Workman, and Francine Workman, minors, by their next friend, Dolores Lucille Workman, to become parties plaintiff to this action and that leave be granted them to file, within a reasonable time, any additional proper pleading they may desire.

REVERSED AND REMANDED WITH DIRECTIONS.

SIMMONS, C. J., participating on briefs.