IN RE GUARDIANSHIP OF ROBERT LEE WORKMAN ET AL. DOLORES LUCILLE WORKMAN, INDIVIDUALLY AND AS GUARDIAN OF ROBERT LEE WORKMAN ET AL., APPELLEES, v. FRANK M. WORKMAN ET AL., APPELLANTS.

106 N. W. 2d 722

Filed December 30, 1960. No. 34863.

*Max Kier,* for appellants.

*Crosby, Pansing & Guenzel* and *Perry, Perry & Nuernberger,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This litigation originated in the county court of Lancaster County. It involves the appointment by the county court of Lancaster County of a successor guardian in each of three separate guardianship proceedings pending therein. In the district court for Lancaster County, on appeal thereto from the county court, the three cases were, by stipulation, consolidated for the purpose of trial. Trial was had and each of the three

appeals was dismissed. The parties objecting to the appointment of the successor guardian thereupon filed one or more motions for new trial in each case, which were overruled. The cases were then, by stipulation, consolidated for the purpose of appeal to this court and an appeal was thereupon taken from the orders overruling the motions for new trial. This opinion will dispose of all three cases.

Appeals to this court in the matter of the appointment of guardians are heard and determined de novo. Cass v. Pense, 155 Neb. 792, 54 N. W. 2d 68.

Appellant Frank M. Workman, to whom we shall herein refer as the father, and appellee Dolores Lucille Workman, to whom we shall herein refer as the mother, are the parents of four living children. They are Dellouise Workman Carroll, a married daughter, born December 19, 1937; appellant Joseph M. Workman, a son, born June 8, 1942; Robert Lee Workman, a son, born June 17, 1943; and Francine L. Workman, a daughter, born March 20, 1947.

On March 15, 1950, the county court of Lancaster County, with the consent of the mother, appointed the father guardian of each of the three youngest of these children, namely, Joseph M., Robert Lee, and Francine L. On May 7, 1955, the county court of Lancaster County, on the petition of the mother, removed the father as guardian of each of said minors and appointed Joseph Ginsburg to succeed him. In so doing the county court found: "* * * the best interests of said minors can be served by the appointment of an independent guardian to protect the vested property rights of said minors in said trust." The father's removal as guardian in each of these guardianships was ultimately affirmed by this court. See Workman v. Workman, 168 Neb. 408, 95 N W. 2d 704.

Ginsburg continued to act as guardian for each of these minors until August 7, 1957, when, at the suggestion of the mother, he filed his resignation with the county

court in each of the guardianships. Thereafter, on either August 8, 1957, or August 15, 1957, the mother filed a petition in each of the guardianships asking that she be appointed guardian, therein stating that any conflicts between the interests of each of said minors and herself as to property matters had been eliminated. The father filed objections to the mother's request in each of the guardianship proceedings as did the son, appellant Joseph M., in his own guardianship proceeding. On August 30, 1957, the county court, in each of the guardianship proceedings, accepted the resignation of Joseph Ginsburg and appointed the mother to become the successor guardian, therein finding: "* * * the court further finds and adjudges that Dolores Lucille Workman has been awarded the legal custody of each of said minors by the Supreme Court of Nebraska and the District Court of Lancaster County, Nebraska, that no conflict in interest between said mother and said minors exists and that it is to the best interests of said minors and their estate that she be appointed guardian with full authority to act for the protection of their interests and that probable cause of the necessity of action by the guardian on behalf of the interest of said minor wards and each of them has been shown." The mother qualified as guardian in each case and letters of guardianship were issued to her by the county court on September 4, 1957. The father, in each case, as well as the son Joseph M., in his own guardianship proceeding, appealed to the district court, giving bond for that purpose.

Transcripts containing the necessary records of the county court in each guardianship proceeding were filed in the district court for Lancaster County on September 19, 1957. Pleadings were thereupon filed in the district court in each case. The cases were then jointly tried, upon the issues raised, and were disposed of by the district court in the manner hereinbefore set forth.

This appeal does not involve the custody of these

minor children, which has already been determined by this court as being in the mother. See Workman v. Workman, 164 Neb. 642, 83 N. W. 2d 368. Any desired change therein, because of changed conditions arising subsequent thereto, must be brought in that action in the district court.

A proceeding for the appointment of a guardian is a probate matter. See Cass v. Pense, *supra*. In each appeal, both to the district court and to this court, appellants gave proper bonds, all of which were approved. See § 30-1603, R. R. S. 1943. In view of the fact that during the time these appeals were pending the mother, as guardian, with the approval of the county court, brought several actions against Capitol Investment Company, amended her pleadings in another case, and entered into a contingent fee contract with her attorneys, appellants suggest we determine her status as guardian, contending her authority to act as guardian was superseded by the appeals and that any actions she has taken as guardian are void. The only questions presented by this appeal are, did the county court exceed its authority in appointing the mother as successor guardian and, if not, did it abuse its discretion in appointing her? Whether or not the guardian had, with the county court's approval, authority to bring and maintain the actions referred to and whether or not she had authority, with the county court's approval, to enter into the contingent fee contract with her attorneys during the pendency of these appeals, can be raised and determined in those actions and, as to the contract involving attorneys' fees, when it is sought to be enforced. However, in regard to the mother's right to bring and maintain such actions in behalf of these minor children as their next friend, see Workman v. Workman, 167 Neb. 857, 95 N. W. 2d 186.

Section 38-104, R. R. S. 1943, provides as follows: "If the minor is under the age of fourteen years, the court of probate may appoint his guardian, and if he

is above the age of fourteen years he may nominate his own guardian, who, if approved by the court, shall be appointed accordingly."

The son, appellant Joseph M. Workman, being over the age of 14 years, objected to the appointment of his mother as his guardian, suggesting that he would rather have his father be his guardian but, if he couldn't have his father as his guardian, that he preferred to have an outsider. The record leaves no doubt of the fact that the father is disqualified to act as such because of the position he has taken in regard to the rights of his children in an irrevocable trust created by the father and mother on February 20, 1950, for the benefit of their then four minor children. See Workman v. Workman, 167 Neb. 857, 95 N. W. 2d 186.

Section 38-105, R. R. S. 1943, provides: "If the guardian nominated by such minor shall not be approved by the court, or if the minor shall reside out of the state, or if, after being cited by the court, he shall neglect to nominate a suitable person, the court may appoint the guardian in the same manner as if the minor were under the age of fourteen years."

Under these statutory provisions a minor over the age of 14 years has a right to nominate his own guardian and ordinarily the county court should approve the person so nominated unless, in the exercise of its discretion, it comes to the conclusion that the person nominated is disqualified to act as such. See 39 C. J. S., Guardian and Ward, § 14, p. 26. Here the father was disqualified and the minor made no other specific nomination except the general statement that he preferred an outsider over his mother.

Subject to the rights of parents as natural guardians of their minor children and the statutory rights of minors over 14 years of age to nominate their own guardians, the selection and appointment of guardians is a matter within the discretion of the county court making such selection and appointment and ordinarily

this court will not interfere therewith unless an abuse of discretion is shown in connection therewith. See, 39 C. J. S., Guardian and Ward, § 18, p. 32, § 28 a, p. 48; In re Guardianship of Lancey, 232 Iowa 191, 2 N. W. 2d 787; In re Guardianship of McCoy, 46 Cal. App. 2d 494, 116 P. 2d 103; §§ 38-104, 38-105, 38-107, R. R. S. 1943; Tiffany v. Wright, 79 Neb. 10, 112 N. W. 311.

After the father had been appointed and qualified as guardian of each of these minors the parents became involved in marital difficulties which resulted in an action for divorce being filed in the district court for Lancaster County by the mother in November 1954. Thereafter, in 1955, the county court removed the father as guardian and appointed Joseph Ginsburg to succeed him, basing its action in doing so on the finding hereinbefore set forth. The "trust" referred to therein is the irrevocable trust hereinbefore referred to which was created by the mother and father for the benefit of their children. At the time Ginsburg was appointed to succeed the father as guardian neither the custody of the minor children nor the marital property rights of the parents had been determined and the appointment of an independent guardian to protect the property rights of the minors in the trust was entirely proper. The divorce action ultimately was determined by this court in our opinion reported as Workman v. Workman, 164 Neb. 642, 83 N. W. 2d 368, which placed the custody of the minor children in the mother and definitely fixed the rights of the mother insofar as her right to alimony is concerned. Subsequent to our mandate therein, which was issued July 3, 1957, the parents, on December 20, 1957, made what is referred to as a "Partial Settlement." It is referred to in Workman v. Workman, 167 Neb. 857, 95 N. W. 2d 186.

After our mandate in the divorce action was issued the mother made application in each of the three guardianship proceedings to be appointed guardian therein, Joseph Ginsburg having previously resigned at her re-

quest. Prior to our opinion in Workman v. Workman, 164 Neb. 642, 83 N. W. 2d 368, the mother's position as to the irrevocable trust, which she and the father had created for the benefit of the children, was contrary to the best interests of the children. However, subsequent thereto she changed her position in regard thereto and sought to have it fully enforced. She was then no longer disqualified to act as guardian because of her position in regard thereto. This fact is fully evidenced by what we said and held in Workman v. Workman, 167 Neb. 857, 95 N. W. 2d 186, about this litigation. In this respect the previous finding by the county court in 1955 to the effect that "the best interests of said minors can be served by the appointment of an independent guardian" was no longer true, in view of these changed conditions, and therefore not binding on that court.

If one having a legal right to the appointment of guardian, such as a parent, is a fit and proper person to act in that capacity, he should not ordinarily be denied such right. And, where a minor has been for a number of years in the custody and care of a certain person, here parent, who is competent and otherwise a suitable person to perform the duties of a guardian, the appointment of such person as guardian would, it seems to us, be in the best interest of the minor. See, 25 Am. Jur., Guardian and Ward, § 29, p. 25; 39 C. J. S., Guardian and Ward, § 17 a, p. 28.

We think the best interests of the three minors will be best served, both as to custody and as to their property rights, by the appointment of their mother as guardian. In view thereof we affirm the district court's action in dismissing all three appeals taken to it from the county court.

AFFIRMED.