IN RE INTEREST OF C. W., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. G. W., APPELLANT.
414 N.W.2d 277

Filed October 23, 1987. No. 87-008.

Kelly S. Breen of Laughlin, Peterson & Lang, for appellant.

Ronald L. Staskiewicz, Douglas County Attorney, and Maria R. Leslie, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

WHITE, J.

The mother of C.W., a child, appeals from an order of termination of her parental rights. The child was first directed to the attention of the juvenile court of Douglas County, Nebraska, as the result of the investigation of the child's ingestion of Haldol, an antipsychotic medicine, in August of 1984. The mother failed to seek medical treatment for the child for a period in excess of 24 hours. The petition presented in the juvenile court in addition alleged that the mother was unable to provide a residence for the child, was sentenced to a term in the Douglas County Correctional Center, and was suffering from schizophrenia.

The court, after hearing, found the child to be one described by Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1984), i.e., "homeless or destitute, or without proper support through no fault of his or her parent, guardian, or custodian." The child was placed in the custody of the Nebraska Department of Social Services. Following the disposition hearing on December 19, 1984, the child was placed in foster care and the mother ordered to comply with a plan of rehabilitation.

A motion was filed in July of 1986 requesting termination

after a determination that the child is one described in § 43-247(3)(a); that "reasonable efforts, under the direction of the court, have failed to correct the conditions leading to the determination," Neb. Rev. Stat. § 43-292(6) (Reissue 1984); and that the natural mother was unable to discharge parental responsibilities because of a mental illness or mental deficiency, and there were reasonable grounds to believe that such condition will continue for a prolonged, indeterminate period of time, § 43-292(5).

After a termination hearing, the court found by clear and convincing evidence that the above-stated allegations were true and terminated the parental rights. The mother appeals and assigns as error that § 43-292(6) is unconstitutional and that there was insufficient evidence to find either a violation of the rehabilitation plan or that she was unable to discharge her parental responsibilities due to a mental illness.

This court has held repeatedly that an order terminating parental rights must be supported by clear and convincing evidence. *In re Interest of K.L.N. and M.J.N.*, 225 Neb. 595, 407 N.W.2d 189 (1987). Appellant argues that a higher standard is imposed when the subject is children of American-Indian descent. Neb. Rev. Stat. §§ 43-1501 et seq. (Cum. Supp. 1986). The constitutional issue was not raised in the lower court and will not be considered for the first time on appeal. *R.D.N. v. T.N.*, 218 Neb. 830, 359 N.W.2d 777 (1984).

As to the remaining issue, the evidence is unfortunately conclusive that the mother suffers from an incurable mental illness, chronic undifferentiated schizophrenia, and that she was, at the time of the first hearing and the final hearing, mentally incapable of caring for herself or anyone else. The mother "even has some disease related inability to comply with treatment."

The mother was destined by virtue of the mental condition never to be able to comply with any order of rehabilitation. The situation was hopeless from inception. The purpose of the extended hearing, orders, conferences, and therapy escapes us. The court finally did what should have mercifully been ordered immediately.

This court, on its own motion, notes that § 43-292 contains a

provision which requires a court to appoint a guardian ad litem for an alleged incompetent parent when termination proceedings are sought under subsection (5) of the statute. Given the language of this provision, we note that such appointments are mandatory, even if subsection (5) is but one of the findings upon which the termination is sought.

In the case at bar, the record reveals that appellant's attorney apparently served as her guardian ad litem as well. While we do not believe that this situation was prejudicial to appellant in this case, we urge that these appointments be separated for purposes of § 43-292(5). This court recently discussed the differences between the duties and role of a guardian ad litem versus those of an attorney in *Orr v. Knowles*, 215 Neb. 49, 53, 337 N.W.2d 699, 702 (1983), as follows:

> The Code of Professional Responsibility establishes that an attorney must zealously represent the wishes of his or her client. See Canon 7. It is not the role of an attorney acting as counsel to independently determine what is best for his client and then act accordingly. Rather, such an attorney is to allow the client to determine what is in the client's best interests and then act according to the wishes of that client within the limits of the law. EC 7-7.

A guardian ad litem, on the other hand, has the duty to determine the best interests of his or her ward without necessary reference to the wishes of the ward. As in the *Knowles* case, we do not believe that the duties and responsibilities of a guardian ad litem are coextensive with those of an attorney for purposes of § 43-292(5). The alleged incompetent's best interests would be better served by a separate appointment of a guardian ad litem who could independently assess available alternatives and the best course for that individual.

We have reviewed the matter de novo and conclude that the order terminating parental rights is supported by clear and convincing evidence. The order terminating appellant's parental rights is affirmed.

AFFIRMED.

BOSLAUGH, J., dissenting in part.

I concur in the judgment of the court. I dissent from that part of the opinion which suggests that a guardian ad litem should

have been appointed for the appellant even though she was represented by other counsel in the proceeding.

The purpose of appointing a guardian ad litem to represent an incompetent or a minor is to ensure that the interests of such a party are protected. *Workman v. Workman*, 167 Neb. 857, 95 N.W.2d 186 (1959).

It is the duty of a guardian ad litem to protect the rights of the party he represents, regardless of the party's willingness to give them away. *Workman v. Workman*, 174 Neb. 471, 118 N.W.2d 764 (1962).

Ordinarily, it is unnecessary to appoint separate counsel for a party who, because of a disability, is represented by a guardian ad litem. Similarly, where the party under disability is already represented by counsel, as in this case, it would seem unnecessary to appoint a separate guardian ad litem to carry on the defense.

Except in unusual situations, such as in *Orr v. Knowles*, 215 Neb. 49, 337 N.W.2d 699 (1983), it should not be necessary to appoint a guardian ad litem to represent a party who is also represented by separate counsel.

COLWELL, D.J., Retired, joins in this dissent.